IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAISTAR MECHANICAL, INC. )<br>14640-D Flint Lee Road )<br>Chantilly, VA  20151 )<br> )<br>*Plaintiff*, )<br> )<br>v. )<br> )<br>FMD RESTORATION, INC. )<br>P.O. Box 397 )<br>Falls Church, VA  22040 )<br> )<br>and )<br> )<br>WESTERN SURETY COMPANY )<br>333 S. Wabash Ave )<br>41st Floor )<br>Chicago, IL 60604 )<br> )<br>*Defendants*. ) | Case No. 1:14-CV-01924 |

## COMPLAINT

Plaintiff Baistar Mechanical, Inc. ("Baistar"), by and through undersigned counsel, does hereby complain against Defendant FMD Restoration, Inc. ("FMD"), and Western Surety Co. ("Surety") (collectively, "Parties"), for breaches of contract, and states as follows:

## PARTIES

1. Baistar s a corporation of State of Maryland, but having it principal place of business in the Commonwealth of Virginia., with at all times all licenses and permits required to perform the Prime Contract underlying this dispute.

2. FMD, on information and belief, is a corporation of the Commonwealth of

Virginia.

3. Western is, on information and belief, a corporation having its principal place of business in Chicago, Illinois, and regularly conducting business in this District.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

## VENUE

5. The contract at issue was to be performed and executed in the District of Columbia, and the Surety's Bond identifies this Court as the contractual court of choice. Venue therefore lies in the United States District Court for the District of Columbia, pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

6. Baistar is a party to a contract with the United States Government, with the Department of the Treasury Bureau of the Public Debt, for Grounds Maintenance and Snow Removal Services at the Armed Forces Retirement Home ("AFRH"), Washington, D.C. (the "Project").

7. The Parties entered into several subcontracts in 2012, requiring FMD to perform various construction-related services at the Project.

8. The Parties entered into several subcontracts in 2012, requiring FMD to perform various construction-related services at the Project. Among those subcontracts was an agreement to perform general construction and landscaping services at the Eagle

Gate at the AFRH ("Eagle Gate Project").

9. As part of all the contractual agreements, Baistar stated that FMD must comply with the terms and conditions of its contract with the AFRH.

10. The Proposal for that work was signed on May 24th, 2012.

11. As part of its work on the Eagle Gate Project, FMD was required to obtain a performance bond, which was issued by Western Surety Company and Continental Insurance Company (collectively, "Surety"), specifically Bond No. 71298548 ("Bond"), dated July 12th, 2012.

12. The Bond states, in part, that, as to the performance bond obligation, "if the Principal shall faithfully perform such contract or shall indemnify and save harmless the [Surety] from all cost and damage by reason of Principal's failure so to so, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

13. On July 12th, 2012, AFRH changed some of the specifications for the Eagle Gate Project, the changes to which FMD received, via e-mail transmitting the revised specifications, along with the Performance Work Statement attached thereto.

14. FMD even demanded a change order for the same, and charged and collected from Baistar additional monies for, specifically, at least $8,000.

15. Per those specifications, the Guard House was required to have bullet-resistant glass in the windows facing the external street:

- Specify Safety Glass (Bullet Resistant) windows:
- Frame:  Bullet Resistant Steel or Aluminum
- Style:   Fixed and sliding
- Glazing options:  Clear Glazing
- Insulation options:  Not Applicable
- Low-E coating: Provide
- Ratings:  Protection Level 3 per (UL 752 Specifications and Ammunition)

16. A "punchlist" of work to be performed was provided to FMD on November 16th, 2012; when that work was undone early next year, FMD was terminated, on February 1st, 2013.

17. Both of these dates are within the time limitations for a performance claim under the Bond.

18. Baistar was recently informed, as of the summary of 2014, by AFRH that this was not done, as, in fact, the glass is merely tempered.

19. Therefore, FMD was paid for the bullet-resistant glass, and has refused to correct or pay for the work to be done properly, Baistar therefore claims for the replacement work.

20. Furthermore, FMD's other work did not comply with industry standards, and is already in need of repair or replacement.

21. Furthermore, FMD did not complete work that was identified in the "punchlist" on November 16th, 2012.

22. Baistar has proposed to fix the work, at its expense, and the Government has accepted. A summary of the cost of each is:

| Eagle Gate Bullet Proof Replacement Costs | $44,419.52 |
| Eagle Gate Unfinished Work Cost | $ 8,051.37 |
| Eagle Gate Warranty Repair Work | $ 5,005.80 |
| TOTAL DEMANDED | $57,476.69 |

23. Baistar therefore demands that FMD and or the Surety pay to it the sum of $57,476.69 under the performance guaranty.

24. On April 21st, 2014, Baistar made a demand for performance indemnity under the Bond.

25. FMD and the Surety have failed to make payment.

## COUNT I
## BREACH(ES) OF CONTRACT

26. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

27. FMD agreed to provide, per the AFRH specifications, work as a subcontractor to Baistar on the Eagle Gate Project.

28. Among the work FMD agreed to provide, through amended specifications and change order, was bullet-resistant glass on the Guard Shack.

29. FMD further agreed to provide other work and materials in the specifications consistent with industry standards for quality, including finishing materials, flooring, and other items, but, as indicated in the November 16th, 2012, "punchlist," and in the current condition of the Eagle Gate, failed to do so.

30. FMD's breaches have caused direct harm to Baistar, which has been forced to fix FMD's incompetent and incomplete work at its own expense, to wit, at least $57,476.69.

31. Therefore, FMD is liable to Baistar in the amount of $57,476.69 plus pre-judgment interest, or such an amount as shall be determined at trial.

## COUNT II
## MILLER ACT CLAIM UNDER PERFORMANCE BOND

32. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

33. The Surety is obligated, pursuant to the Bond, to compensate Baistar for contractual breaches in the work that FMD was to provide on the Eagle Gate Project.

34. FMD was notified of performance issues on November 16th, 2012, less

than two (2) years from the date of filing of this Complaint, and was terminated due to its inaction on February 1st, 2014, also less than two (2) years from the date of this filing.

35. Baistar has made that demand, as of April 21st, 2014, within the timelines required by the Bond, and provided supporting documentation for the same, but the Surety has failed to fulfill its obligation under the Bond to pay Plaintiff for the same.

36. Plaintiff is entitled to payment from the Surety, pursuant to the Miller Act, 40 U.S.C. § 3133.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Honorable Court enter judgment against Defendants, and award the following relief to Plaintiff:

(a) Compensatory damages in the amount of Fifty-Seven Thousand Four Hundred Seventy-Six Dollars & 69/100 ($57,476.69), under Count I, plus pre-judgment interest, against Defendant FMD; or

(b) Compensatory damages in the amount of Fifty-Seven Thousand Four Hundred Seventy-Six Dollars & 69/100 ($57,476.69), under Count I, plus pre-judgment interest, against Defendant FMD; and or

(c) Any other relief that the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED,

DATED:   November 14, 2014

By:   /s/_____
Joshua G. Whitaker (D.C. Bar No. 493898)
ADELPHI, LLP
1936 Eastern Avenue
Baltimore, MD  21231

(888) 367-0383 – Telephone/Facsimile
Whitaker@adelphilaw.com

*Counsel for Plaintiff Baistar Mechanical, Inc.*

7--