## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BAISTAR MECHANICAL, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-cv-1924 (TSC) |
| ) | |
| **FMD RESTORATION, INC. and** ) | |
| **WESTERN SURETY COMPANY**, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

Presently before the court is a Motion to Dismiss filed by defendant Western Surety Company seeking dismissal of this action, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. For the reasons set forth below, the court will dismiss this action without prejudice.

This lawsuit involves disputes over construction contracts. According to the Complaint, Plaintiff is a contractor who entered into certain government contracts. (Compl. ¶¶ 6-8). Relative to those contracts, Plaintiff and defendant FMD Restoration, Incorporated ("FMD") entered into several subcontracts that required FMD to perform construction-related work, and FMD obtained a performance bond for that work from defendant Western Surety Company ("Western"). (Compl. ¶¶ 6-8, 11). In its initial Complaint, Plaintiff alleged that FMD failed to comply with the requirements of the contract and Plaintiff demanded $57,476.69 in damages pursuant to the performance bond,

claiming entitlement to relief under the Miller Act, 40 U.S.C. § 3133(b)(3)(B).  (Compl. ¶¶ 32-36).  Plaintiff also asserted a claim for common law breach of contract.  (Compl. ¶¶ 26-31).

In response to the Complaint, defendant Western filed a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In that motion, Western alleged that this court lacks jurisdiction because the bond in dispute was issued to subcontractor FMD in order to protect the interests of the general contractor Plaintiff, who was not entitled to relief under the Miller Act.[1]  Western argued that without Miller Act jurisdiction, the remaining breach of contract claim could not survive and, therefore, dismissal was appropriate.  (ECF No. 7, Def.'s Mot. Dismiss ¶¶ 2-4).

In its response to the motion, Plaintiff admitted that this court lacks subject-matter jurisdiction under the Miller Act, but now contends that the lawsuit can go forward based on diversity jurisdiction.  (ECF No. 9, Pl.'s Resp. ¶¶ 1-2).  In support of this contention, Plaintiff

---

[1] Under the Miller Act

> [t]he essential function of performance and payment bonds is to protect the government's interests and the interests of suppliers of labor and materials, respectively.  *See* 40 U.S.C. § 3131(b)(1) (stating that a "performance bond is for the protection of the Government"); (b)(2) (stating that a "payment bond is for the protection of all persons supplying labor and material in carrying out the work provided for in the contract").

*Allen Eng'g Contractor, Inc. v. United States*, 115 Fed. Cl. 457, 463 (2014) (alterations omitted); *see also United States ex rel. Walker Seal Cos., Inc. v. Liberty Mutual Ins. Co.*, 356 F. Supp. 2d 1, 1-2 (D.D.C. 2005) (citing 40 U.S.C. § 3133) (explaining that the Miller Act "requires contractors doing work with the federal government to furnish payment bonds with a surety in order to protect those who provide work or material on the government project….  The Miller Act also provides that subcontractors doing work on a government project who do not receive payment … may bring a civil action on the surety to recover the unpaid funds.").

filed an amended Complaint asserting diversity jurisdiction and demanding damages in the amount of $100,000.  (ECF No. 10, Am. Compl. ¶¶ 1-4, 21-22).[2]

Western then filed a second motion to dismiss, this time challenging diversity jurisdiction because both the plaintiff and FMD are citizens of the same state.  Plaintiff's Amended Complaint alleges, based "on information and belief, [that defendant FMD] is a corporation of the Commonwealth of Virginia."  (ECF No. 10, Am. Compl. ¶ 2).  FMD has not entered an appearance and, therefore, has not weighed in on this issue.  The court notes, however, that a search of the Virginia State Corporation Commission's website reveals that a company with the same name, FMD Restoration, Incorporated, was formed in Virginia in 1998 and is still an active registered business there.[3]  Thus, the court finds nothing to suggest that Plaintiff is incorrect about defendant FMD's status as a citizen of Virginia. Inasmuch as Plaintiff is admittedly a citizen of Virginia, complete diversity does not exist between the parties.  (ECF No. 10, Am. Compl. ¶ 1); *see Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("[T]here must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74) (1978)).

Under this court's Local Rules, Plaintiff had 14 days to respond to Western's motion.  *See* LCvR 7(b).  The Rules further provide that the court may treat a motion as

---

[2]  Plaintiff timely filed the amended complaint "as of right" in compliance with Federal Rule of Civil Procedure 15(a)(1)(B).  However, Plaintiff has not explained the increase in its damages claim from $57,476.69 in the original Complaint to $100,000 in the Amended Complaint.  (ECF No. 10, Am. Compl. ¶ 21; *see also* ECF No. 9, Pl.'s Resp. ¶ 3).

[3]  Commonwealth of Virginia State Corporation Commission, scc.virginia.gov, https://sccefile.scc.virginia.gov/Business/0498386.

conceded where the non-movant fails to respond within the prescribed time.  *Id.*  More than 14 days have passed and Plaintiff has not responded or sought leave for an extension of time in which to respond.  In the absence of a response and in light of the allegations in the Amended Complaint, as well as the information about FMD's incorporation found on the state of Virginia's website, the court hereby treats Western's motion to dismiss as conceded.

By separate order, the court will dismiss this action without prejudice.


Date:  May 21, 2015


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

4